UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JATIN JATIN,

Petitioner,

v.

CHRISTOPHER CHESTNUT,[1] et al.,

Defendant.

No. 1:25-cv-02010-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 8)

On December 28, 2025, petitioner filed a petition for writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order seeking immediate release from ICE custody (Doc. No. 2). On December 30, 2025, respondents filed a motion to dismiss petitioner's petition for writ of habeas corpus and opposition to the motion for temporary restraining order and any impending motion for preliminary injunction as a combined filing. (Doc. No. 8.) Therein, respondents argued that petitioner is subject to 8 U.S.C. § 125(b) and stated that "the government submits this streamlined opposition brief, waives oral argument, and does not object to resolving Petitioner's motion for

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche, as Attorney General, automatically substitutes in place of respondent Pamela Bondi, Markwayne Mullin, as Secretary of the Department of Homeland Security, automatically substitutes in place of respondent Kristi Noem, and David Venturella, as acting director of Immigration and Customs Enforcement, automatically substitutes in place of Todd M. Lyons. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

TRO, preliminary injunction, and underlying habeas petition on the briefings currently before the Court." (*Id.* at 2.) That same day, the court issued an order granting petitioner's motion for temporary restraining order and directed the parties to meet and confer and submit a joint proposed briefing schedule on any impending motion for preliminary injunction within fourteen (14) days from the date of issuance of that order. (Doc. No. 9.)

On March 6, 2026, petitioner filed a response to respondents' motion to dismiss stating that petitioner seeks an order that "enter[s] final relief consistent with its temporary restraining order and confirm that Respondents may not re-detain Petitioner absent constitutionally adequate procedures." (Doc. No. 11 at 4.) That same day, respondents filed a renewed motion to dismiss the petition stating that respondents oppose all further relief "for the reasons previously stated[]" and that "[r]espondents believe this matter has been fully briefed as to both injunctive relief and the Habeas Petition and ripe for resolution." (Doc. No. 12 at 1.)

Having considered the parties' arguments, the court will grant the petition for writ of habeas corpus (Doc. No. 1.) Specifically, the court incorporates and adopts the reasoning of the court's order on petitioner's second motion for temporary restraining order (Doc. No. 9.)

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondents will bear the burden of demonstrating a change in circumstances to justify petitioners re-detention;
    b. Petitioner's request for attorney's fees is DENIED without prejudice to renewal on a properly noticed and supported motion;
2. Respondents' motion to dismiss (Doc. No. 8), is DENIED;

/////

/////

3. The Clerk of the Court is directed to substitute Todd Blanche in place of respondent Pamela Bondi, substitute Markwayne Mullin in place of respondent Kristi Noem, and substitute David Venturella in place of respondent Todd M. Lyons;

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE